■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. PAUL DE VIVO, Respondent.— Order, entered February 25, 1964, granting after a hearing defendant's motion under section 813-c of the Code of Criminal Procedure to suppress use as evidence of a portable television set and an air conditioner in a criminal action for criminally buying and receiving stolen property, unanimously reversed, on the law and on the facts; the motion is denied insofar as it seeks suppression of the television set and the matter is otherwise remanded for a new hearing. The television set was not found at defendant's premises, for which the officers had a search warrant, but, with defendant's co-operation, was obtained at other premises, occupied by the person to whom

defendant claimed to have sold it. Even if the taking from the purchaser's premises constituted an unlawful search and seizure without a warrant, defendant was not the victim of the wrongdoing, and has no standing to complain (*Jones* v. *United States*, 362 U. S. 257, 261; *Elkins* v. *United States*, 364 U. S. 206, especially n. p. 223; cf. *People* v. *De Grandis*, 16 A D 2d 834, affd. 12 N Y 2d 812). Moreover, defendant actively co-operated in this taking, and so far as the record discloses it might even have been accomplished with the purchaser's consent. Under these circumstances the admissibility of the television set does not depend on the validity of the search warrant. The circumstances surrounding the seizure of the air conditioner were not disclosed at the hearing, which was devoted entirely to the seizure of the television set. Thus, the People have not shown that the seizure of the air conditioner can be upheld (see Paperno & Goldstein, Criminal Procedure in New York, § 82). Since defendant was not given an opportunity to prove the insufficiency of the warrant for lack of probable cause, or for that matter, that what ensued at defendant's premises with respect to the air conditioner was also wihtout probable cause, the matter must be remanded for a new hearing. At the new hearing defendant may, depending upon the proof, be entitled to an opportunity to contest the existence and the reliability of the unidentified informer mentioned in the affidavit upon which the warrant was issued (*People* v. *Malinsky*, 15 N Y 2d 86, 92–93). Concur — Breitel, J. P., Rabin, Valente, Eager and Steuer, JJ.